# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR GSAA HOME EQUITY TRUST 2006-18, ASSET-BACKED CERTIFICATES, SERIES 2006-18, | No. 13 C 2599 |
| | Hon. Virginia M. Kendall |
| Plaintiff, | |
| v. | |
| TRACY CORNISH, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR FIRST NATIONAL BANK OF ARIZONA, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Deutsche Bank National Trust Company, as Trustee for GSAA Home Equity Trust 2006-18, Asset-Backed Certificates, Series 2006-18 (the "Bank") brings this mortgage foreclosure action against Defendants Tracy Cornish and Mortgage Electronic Registration Systems, as nominee for the First National Bank of Arizona. For the following reasons, the Court grants Defendants' motion to dismiss.

## BACKGROUND

Cornish obtained a $731,250.000 mortgage for a home in Flossmoor, Illinois on May 22, 2006. The lender listed on the mortgage is National Banking Association. Cornish signed the accompanying Note on the same date, with First National Bank of Arizona listed as the lender. The Cook County Recorder of Deeds recorded the mortgage on May 24, 2006. The heading on the Note indicates that it is an "InterestFirst NOTE," and among its terms is a provision that her

1

first 120 monthly payments would be "interest only," and that the monthly payment would rise by $1,241.47 after that period. The allonge to the Note assigns it to the First National Bank of Nevada, who in turn assigns it to itself via a "blank indorsement."[1] 810 ILCS § 5/3-205. The allonge is undated, written on First National Bank of Nevada letterhead, contains no notarization, and is signed by Amy Hawkins, who is allegedly the Assistant Vice President of both the First National Bank of Arizona and the First National Bank of Nevada.

The mortgage was assigned to Avelo Mortgage on April 26, 2007 by Mortgage Electronic Registration Systems, acting as nominee for the First National Bank of Arizona and "its successors or assigns." The Cook County Recorder of Deeds recorded the assignment on May 18, 2007. The assignment includes a provision stating, "<u>Together</u> with all rights and interest in the same and the premises therein described and the note or obligation thereby secured." (emphasis in original). On April 27, 2007, one day after it was assigned the mortgage, Avelo filed a foreclosure proceeding with the Cook County Circuit Court's Chancery Division (the "State Action"). According to the docket in that case, 2007-CH-11589, a judgment of foreclosure was entered and a selling officer was appointed on July 23, 2007. On August 19, 2008, there was a voluntary dismissal of the foreclosure by agreement among the parties. Foreclosure proceedings resumed on October 9, 2008, and another judgment of foreclosure was entered on March 3, 2009 with the notation "(CASE IS PENDING)." The foreclosure was subsequently dismissed on September 28, 2010 for want of prosecution. Less than a year later, the following filings were made:

---

[1] Cornish alleges the documents attached to the Bank's complaint are "fraudulent and defective." The Court makes no ruling on the authenticity or validity of the documents.

| Activity Date: 4/4/2011 | EXHIBITS FILED | Participant: AVELO MORTGAGE |
|---|---|---|
| | | Attorney: HEAVNER SCOTT & BEYERS |
| Activity Date: 4/4/2011 | PROOF OF SERVICE FILED | Participant: AVELO MORTGAGE |
| | | Attorney: HEAVNER SCOTT & BEYERS |
| Activity Date: 4/4/2011 | SUBSTITUTION OF ATTORNEY FILED | Participant: AVELO MORTGAGE |
| | | Attorney: PIERCE & ASSOCIATES |

The docket contains no additional activity.

Avelo then assigned the mortgage to Deutsche Bank National Trust Company, as Trustee for GSAA Home Equity Trust 2006-18, Asset-Backed Certificates, Series 2006-18 on January 10, 2013. The assignment was recorded with the Cook County Recorder of Deeds on February 24, 2013 and contains a provision linking it to the Note, "Together with the note or notes therein described or referred to, the money due and to become due thereon, with interest, and all rights accrued or to accrue under said Mortgage." The Bank filed the present foreclosure action with this Court on April 8, 2013.

## **DISCUSSION**

Cornish moves to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)[2] because, she alleges, there is still an active case pending at the state level. The Bank argues that the case was dismissed for want of prosecution on September 28,

---

[2] Although Cornish does not specifically allege the Rule under which she seeks relief, the Court "construe[s] *pro se* filings liberally, but even a *pro se* brief must contain more than a general assertion of error." *Gray v. Conestoga Title Co.*, 501 F. App'x 584 (7th Cir. 2013) (citing *Correa v. White*, 518 F.3d 516, 517–18 (7th Cir. 2008) and *Anderson v. Hardman*, 241 F.3d 544, 545–46 (7th Cir. 2001)).

2010, and that there is no pending case as a result. It therefore urges that this Court has jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332. However, the Court need not reach the merits of the parties' jurisdictional arguments as stated.

In Illinois, if a plaintiff's case is dismissed for want of prosecution, she may "refile the action within one year or within the remainder of the statute of limitations, whichever is greater," pursuant to 735 ILCS § 5/13–217. *BankFinancial, FSB v. Tandon*, 989 N.E.2d 205, 210 (Ill. App. Ct. 2013) (cited approvingly by *Adebowale v. Griffith*, 2013 WL 5366849, 6, — F. App'x — (7th Cir. Sept. 26, 2013)). Section 5/13–217, known as the "savings clause," is intended to "facilitate the disposition of litigation upon the merits and to avoid its frustration upon grounds that are unrelated to the merits" while at the same time "serve as an aid to the diligent, not a refuge of the negligent." *Gendek v. Jehangir*, 518 N.E.2d 1051, 1053 (Ill. 1988). If a plaintiff fails to refile her action within that one year period, "the litigation is effectively terminated" and the dismissal for want of prosecution "constitutes a final judgment because, at this juncture, the order effectively 'ascertains and fixes absolutely and finally the rights of the parties in the lawsuit.'" *S.C. Vaughan Oil Co. v. Caldwell, Troutt & Alexander*, 693 N.E.2d 338, 344 (Ill. 1998) (quoting *Flores v. Dugan*, 435 N.E.2d 480, 482 (Ill. 1982)). This final judgment is considered a final judgment on the merits pursuant to Illinois Supreme Court Rule 273: "Unless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits." *See also Jones v. Syntex Labs., Inc.*, 1 F. App'x 539, 541 (7th Cir. 2001) ("[A] state court judgment has precisely the same preclusive effect in federal court as it would in the issuing state, and under Illinois law

dismissals for want of prosecution are not considered final judgments on the merits until the statute of limitations and a one-year refiling period have expired . . . ." (citation omitted)).

The facts here are straightforward. The State Action was filed against Cornish on April 27, 2007 and dismissed for want of prosecution on September 28, 2010. The only actions taken in the case after that date were the filings of exhibits, proof of service, and a substitution of attorneys on April 4, 2011. Because the Bank's predecessor did not file another complaint within one year of September 28, 2010, the Court finds that State Action has reached final judgment on the merits. *Hudson v. City of Chi.*, 889 N.E.2d 210, 222 (Ill. 2008) ("[The Illinois Supreme Court] has referred to section 13–217 as providing a plaintiff with an 'absolute' right to *refile a complaint* within one year or within the remaining limitations period" (emphasis added)). Even if a filing other than a motion or complaint could be considered "refiling a complaint," the Bank's predecessor took no additional action between April 4, 2011 and April 8, 2013, when the Bank filed its complaint with this Court more than two years later. Cornish's argument that the case is still pending at the state level is therefore incorrect.

The doctrine of *res judicata* bars subsequent actions between the same parties or their privies on the same cause of action if a court of competent jurisdiction renders a final judgment on the merits. *Rein v. David A. Noyes & Co.*, 665 N.E.2d 1199, 1204 (Ill. 1996). This applies not only to what was actually decided in the original action, but also to what could have been decided in that action. *Id.* Under the Rules of Decision Act, 28 U.S.C. § 1738, federal courts are "bound to give [a] prior Illinois judgment the same *res judicata* effect as would be provided by Illinois courts." *Harl v. City of La Salle*, 679 F.2d 123, 125 (7th Cir. 1982). Three requirements must be met for the doctrine of *res judicata* to apply: "(1) there was a final judgment on the merits rendered by a court of competent jurisdiction; (2) there was an identity of cause of action;

and (3) there was an identity of parties or their privies." *Rein*, 665 N.E.2d at 1204; *Downing v. Chi. Transit Auth.*, 642 N.E.2d 456, 458 (Ill. 1994). Because we have found that the parties' prior claim was adjudicated on the merits, the Court proceeds to determine whether the parties and claims in the State Action are the same as the parties and claims presently before the Court. *Harl*, 679 F.2d at 125.

To determine whether two causes of action are the same for *res judicata* purposes, the Court applies the "transactional test," which considers whether causes of action "arise from a single group of operative facts." *River Park, Inc. v. City of Highland Park*, 703 N.E.2d 883, 891 (Ill. 1998); *see also Am. Family Mut. Ins. Co. v. McGrath*, 2011 WL 10069368, at *2 (Ill. App. Ct. Mar. 14, 2011) (citing same). This is a broad standard: two causes of action with overlapping facts will pass the transaction test "regardless of whether they assert different theories of relief" and "even if there is not a substantial overlap of evidence." *River Park*, 703 N.E.2d at 893. The claim in the present action is the exact same claim for default brought in the State Action:

> Statement as to defaults: The Mortgage is in *default* due to the failure of the mortgagor(s) to pay the monthly installments of principal, interest, and taxes, *from 07/01/2007 through the present*. There remains an outstanding principal balance of $731,250.00 with interest accruing on the unpaid principal balance at $162.50 per day, plus attorney's fees, foreclosure costs, late charges, advances, and expenses incurred by the Plaintiff as a result of the default.

(Complaint, Dkt. No. 1 at ¶ 10(j) (emphasis added).) The Bank concedes that the default arose during the pendency of the State Action and does not present evidence that the default beginning on July 1, 2007 was ever remedied and that a different default is being litigated before this Court. Even if it could present such evidence, the cause of action would be the same because it would

arise from the same group of operative facts under the broad Illinois standard. The Court therefore finds that the default in the present action is the same presented in the State Action.

Regarding whether the Bank (assignee) and Avelo (assignor) are privies, Illinois courts have found that, "'[p]rivity for *res judicata* or collateral estoppel purposes contemplates a mutual or successive relationship to some property rights which were the subject matter of the prior litigation." *Marvel of Ill., Inc. v. Marvel Contaminant Control Indus., Inc.*, 744 N.E.2d 312, 320 (Ill. App. Ct. 2001). As such, "[t]he term 'privies' encompasses successors in interest, entities that controlled the earlier action, and entities whose interests were adequately represented in the earlier action," *Cabrera v. First Nat'l Bank of Wheaton*, 753 N.E.2d 1138, 1152 (Ill. App. Ct. 2001). Thus, "what matters for *res judicata* purposes is whether the parties . . . represent the same interest vis-à-vis the challenged claims." *MidFirst Bank v. Graham*, 2006 WL 1647405, at *3 (N.D. Ill. June 9, 2006). In this case, Avelo assigned the mortgage and note to the Bank in early 2013, well after the State Action reached final judgment on the merits due to Avelo's inaction. The Court therefore finds that the Bank is in privity with Avelo as its assignee and that *res judicata* subsequently prevents the Court from hearing the case.

## **CONCLUSION**

For the reasons set forth above, the Court grants Cornish's Motion to Dismiss.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: December 19, 2013

7